# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

BRANDON CARTER,
      Petitioner,

Case No. 1:19-cv-823

vs.

Barrett, J.
Bowman, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
      Respondent.

**ORDER AND REPORT
AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on the petition, respondent's answer/return of writ, and petitioner's traverse in reply to the answer/return of writ. (Docs. 1, 8, 15).

Also before the Court is an amended petition, which the Court understands to be a motion for leave to amend the petition, respondent's opposition to the motion for leave to amend, and petitioner's motion for leave to proceed *in forma pauperis*. (Docs. 17, 18, 19). As petitioner has already paid the $5 filing fee in this case (*see* Doc. 2), his motion to proceed *in forma pauperis* (Doc. 18) is **DENIED as moot.** For the reasons below, petitioner's motion to amend his petition (Doc. 17) should be **DENIED.**

## I.  FACTUAL BACKGROUND

The Ohio Court of Appeals set forth the following set of facts leading to petitioner's conviction and sentence:[1]

---

[1]28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because petitioner has neither cited nor presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo,* 365 F.3d 487, 493-94 (6th Cir. 2004).

On January 23, 2015, Alexander Ford and Johnell Amison were robbed at gunpoint during a potential drug sale.  For his role in these crimes, [petitioner] was charged with two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), two counts of robbery in violation of R.C. 2911.02(A)(2), two counts of felonious assault in violation of R.C. 2903.11(A)(2), one count of felonious assault in violation of R.C. 2903.11(A)(1), and one count of improperly handling a firearm in a motor vehicle in violation of R.C. 2923.16(A).

{¶ 5}   The case proceeded to a jury trial.   At trial, Ford testified that he and [petitioner] had been longtime friends, and that on January 23, 2015, [petitioner] called him asking to borrow money for car repairs.  Ford explained that he already owed [petitioner] approximately $80, and that he told [petitioner] that he would repay the money he owed, as well as loan [petitioner] additional money.  Ford further told [petitioner] that he had a friend who was selling marijuana, and [petitioner] stated that he knew someone who might be interested in purchasing it. The two arranged to meet later in the day in the parking lot of a Frisch's restaurant.

{¶ 6}  Ford testified that the meeting took place in his car.  Ford and Amison sat in the front of the car.  [Petitioner] entered and sat in the back seat of Ford's car, and shortly thereafter he was joined by an unknown male.  [Petitioner] asked Ford for the money that he owed him and inquired about the marijuana that was for sale. Both Ford and Amison produced marijuana that they had on their persons.  When Ford turned to the back seat to discuss a potential deal, he saw that both [petitioner] and the unknown man had produced guns and were pointing them at him and Amison.  Carter [sic] and Amison were told to "give us what you got."

{¶ 7}  One of the armed men fired a warning shot into the front seat.  Ford panicked and gave his assailants everything that he had on his person.   The men then instructed Ford to put the car in reverse.  While Ford complied, Amison jumped out of the vehicle.  Ford then also jumped out as two additional shots were fired from the back seat.  As Ford grabbed onto the trunk of the car, he saw both [petitioner] and the unknown man climb into the front of the vehicle.  One of the men fired a shot at him through the back windshield, and eventually Ford let go of the car as the pair drove away.  Ford suffered injuries and was transported to a hospital.

{¶ 8}  Cincinnati Police Officer Robert Perry testified that he responded to the scene of these crimes and later spoke with Ford in the hospital.  From his discussion with Ford, Officer Perry developed [petitioner] as a suspect and put together a photographic lineup.  After viewing the lineup, Ford identified [petitioner] as one of his assailants.

{¶ 9}  Officer Perry further testified that he issued a warrant for [petitioner's] arrest, and that [petitioner] was arrested on January 26, 2015.  During an interview with Officer Perry, [petitioner] denied participating in the crimes committed against Ford and Amison, and stated that he had been picking up his car from a local car dealership when the crimes took place.

2

{¶ 10} After deliberating for several days, the jury returned a verdict finding [petitioner] guilty of robbery in count two. The jury was unable to reach a verdict on the remaining seven charges.

(Doc. 7, Ex. 9, at PageID 97-99).

## II. PROCEDURAL BACKGROUND

### State Trial Proceedings

On February 3, 2015, the Hamilton County, Ohio, grand jury returned an eight-count indictment charging petitioner with two counts of aggravated robbery with firearm specifications, two counts of robbery, three counts of felonious assault with firearm specifications, and one count of improperly handling firearms in a motor vehicle. (Doc. 7, Ex. 1).

Petitioner, through counsel, entered a plea of not guilty. On September 21, 2015, following a jury trial, petitioner was found guilty of robbery, as charged in Count 2 of the indictment, but the jury deadlocked on the remaining charges. (Doc. 7, Ex. 3; *see also* Doc. 7-4 (Tr.), at PageID 781). On October 16, 2015, petitioner was ordered to serve a sentence of seven years imprisonment on Count Two and to be retried on the remaining counts. (Doc. 7, Ex. 5).

### Direct Appeal

On October 20, 2015, petitioner, through counsel, filed a notice of appeal to the Ohio Court of Appeals. (Doc. 7, Ex. 6). Petitioner raised the following five assignments of error in his merit brief:

1. The trial court erred as a matter of law by permitting the prosecutor to make improper remarks to the jury and to introduce improper evidence thus prejudicing appellant's right to a fair trial. (Tp. Vol. 5, pgs. 427-28, 430, 432, 435, 443).

2. Appellant was denied effective assistance of counsel in violation of his constitutional rights thus prejudicing his right to a fair trial. (Tp. Vol. 5, pgs. 406, 410-411, 413, 4180.

3. The evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain appellant's convictions.  (Tp. 44).

4. The trial court erred by failing to grant appellant's Criminal Rule 29 Motion for Acquittal.  (Tp. Vol. 6, pg. 5).

5. The trial court erred as a matter of law by improperly sentencing Appellant.  (Tp. 51).

(Doc. 7, Ex. 7).  On March 31, 2017, the Ohio Court of Appeals issued an Opinion

overruling the assignments of error and affirming the trial court's judgment, but remanded

for a clerical error in the judgment entry.  (Doc. 7, Ex. 9, at PageID 110).

## Ohio Supreme Court

On May 15, 2017, petitioner filed a pro se notice of appeal to the Ohio Supreme Court.

(Doc. 7, Ex. 10).  In his memorandum in support of jurisdiction, petitioner raised the following

five propositions of law:

1. The trial court erred as a matter of law permitting the prosecutor to make improper remarks to the jury and to introduce improper evidence thus prejudicing Appellant's rights to a fair trial.

2. Appellant was denied effective assistance prejudicing his right to a fair trial.

3. The evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain Appellant's conviction.

4. The trial court erred by failing to grant Appellant's Criminal Rule 29 Motion for Acquittal.

5. The trial court erred as a matter of law by improperly sentencing Appellant.

(Doc. 7, Ex. 11).  On September 27, 2017, the Ohio Supreme Court declined to accept

jurisdiction of the appeal.  (Doc. 7, Ex. 12).

4

**Proceedings on Remaining Counts**

In the meantime, in May 2016, in exchange for dismissal of the remaining

charges, petitioner pled guilty to robbery, as a lesser-included offense of the aggravated

robbery charged in Count Three of the indictment, and to a firearm specification.  (Doc.

7, Ex. 14).  He was sentenced to an aggregate sentence of three years imprisonment on

Count Three to run consecutively to his sentence on Count Two.  (Doc. 7, Ex. 15).  The

remaining counts were dismissed.  (Doc. 7, Ex. 16).  Petitioner did not appeal his 2016

convictions.  (*See* Doc. 7, Ex. 23, at PageID 223).

**Post-Conviction Proceedings**

The Ohio Court of Appeals set forth the following set of facts regarding petitioner's post-

conviction proceedings:

> In 2017, [petitioner] filed with the common pleas court motions captioned
> "Motion for Relief from Judgment Fraud upon the Court Pursuant to Civ. R.
> 60(B)(5)" and "Motion for Recusal."  In his "Motion for Relief from Judgment,"
> [petitioner] sought relief from his convictions on two grounds.  He asserted that the
> trial court, his trial counsel, and the prosecuting attorney had "conspired" to deny
> him the right to due process guaranteed under the Fourteenth Amendment to the
> United States Constitution, "when each participated in the Fraudulent acts that led
> to him being convicted of Count 2."  And he asserted that the trial court had denied
> him due process and the protections of the Fifth Amendment's Double Jeopardy
> Clause by ordering a retrial on the deadlocked counts without discharging the jury
> as required by R.C. 2945.36(B) and then convicting him upon his guilty plea to
> count three.  In his "Motion for Recusal," [petitioner] requested that the trial judge
> recuse herself from deciding his "Motion for Relief from Judgment."

(Doc. 7, Ex. 23, at PageID 223-24).  The trial court overruled the motions.  (*See* Doc. 7, Ex. 23,

at PageID 224; Doc. 7, Ex. 19).

On November 22, 2017, petitioner filed a pro se appeal from the trial court's decision.

(Doc. 7, Ex. 20).  In his appellate brief, petitioner raised the following four assignments of error:

1.  The trial court erred as a matter of law violating Appellant's rights guaranteed
    by the 14th Amendment of the United States.  The court specifically denied

defendant due process.  The court also failed to grant a hearing for the motion for relief from judgment fraud upon the court pursuant to Civil Rule 60(B)(5).

2. Trial Court lacked jurisdiction to rule on motion for relief from judgment fraud upon the court after violating oath of office and not properly following rules relating to mistrial.

3. Court failed to properly investigate whether judgment was obtained by fraud thus interfering with the task of impartial adjudication.

4. The trial court lacked impartiality when failing to recuse itself, which constituted abuse of discretion.

(Doc. 7, Ex. 21).

On May 8, 2019, the Ohio Court of Appeals affirmed the judgment of the trial court.

(Doc. 7, Ex. 23).  On June 6, 2019, the Ohio Court of Appeals denied petitioner's motion for

reconsideration.  (Doc. 7, Ex. 25).

On June 24, 2019, petitioner filed a notice of appeal to the Ohio Supreme Court.  (Doc. 7,

Ex. 26).  In his memorandum in support of jurisdiction, petitioner raised the following

proposition of law:

The court has the power to direct the appeals court to correct trial errors relating to mistrial; which denied the Appellant due process of law.  Specifically, Crim. R. 52 which gives appeals court narrow power to correct errors that occurred during trial court proceedings.  Trial court as a matter of law violating Appellant's rights guaranteed by the 14th Amendment.

(Doc. 7, Ex. 27).  On September 3, 2019, the Ohio Supreme Court declined to accept jurisdiction

of the appeal.  (Doc. 7, Ex. 28).

## Federal Habeas Corpus Petition

Petitioner commenced the instant federal habeas corpus action on September 27, 2019.

(*See* Doc. 1).  His petition asserts the following two ground for relief:

**Ground One:**  Due Process/Equal Protection

**Supporting Facts:**  Despite the truth-in-sentencing guidelines mandated by the

6

legislature for first-time offenders, the courts did not resolve or address the double jeopardy concerns nor complied to House Bill 86 which does not provide for consecutive sentences unless judicial reasoning requires it.  Moreover, the absence of evidence and alleged victims did not provide any weight to the state.

**Ground Two:**  Cruel and Unusual Punishment

**Supporting Facts:**  As previously elucidated in Ground One, there were no evidence to support any conviction for robbery.  Moreover, there were no evidence to support any gun specification that linked Petitioner to brandishing or possessing any gun.  The automobile of the alleged offense did not contain any evidence of bullet holes or powder residue.  Equally disturbing, the alleged victim and only witness, continually changes the calendar of events.

(Doc. 1, at PageID 5, 7).

Respondent has filed an answer/return of writ in response to the petition, to which petitioner has replied.  (Doc. 8, 15).  According to respondent, the petition is time barred[2] or, in the alternative, without merit.

On November 16, 2020, petitioner filed an amended petition (Doc. 17), which the Court understands to be a motion for leave to amend his habeas corpus petition.[3]  Therein, petitioner seeks leave to amend his petition to include the following four claims:

1. Petitioner submits that he was denied due process and equal protection of the law under the 14th Amend. to the U.S. Constitution where there was prosecutor misconduct committed by arguing facts not supported by and evidence and contrary to his own witness testimony.

---

!  [2]Respondent argues that petitioner's petition is time-barred.  (Doc. 8, at PageID 796-804).  The statute of limitations is not a jurisdictional bar to habeas review.  *Smith v. State of Ohio Dep't of Rehabilitation*, 463 F.3d 426, 429 n.2 (6th Cir. 2006).  In the interests of judicial economy, a federal court may proceed to the merits of a habeas petition rather than resolve the time-bar question.  *Id.*  Here, the Court need not decide the statute-of-limitations issue because petitioner's claims fail for other reasons.

[3]It is well established that Rule 15 of the Federal Rules of Civil Procedure applies to a habeas petitioner's request for leave to amend his petition.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  *See also Glenn v. Coleman*, No. 3:13-cv-1090, 2014 WL 4983661, at * 5 (N.D. Ohio Oct. 6, 2014)( Helmick, J. adopting report and recommendation of White, M.J.); *Shank v. Mitchell*, 2:00-cv-17, 2013 WL 3208554 at *3 (S.D. Ohio June 24, 2013).  Under Rule 15(a), a party may amend his or her pleadings once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. P. 15.  Otherwise, the party may amend only with the opposing party's written consent or by leave of court, which "shall be freely given when justice so requires."  *Id. See also Mayle*, 545 U.S. at 655.  Because respondent already filed a responsive pleading (i.e., his February 25, 2020 Answer/Return of Writ), leave of court must be obtained before petitioner may amend his petition.

2. Petitioner contends that he was denied due process and equal protection of the law under the 5th, 6th, and 14th Amendment to the U.S. Constitution, where defense counsel failed to properly conduct a pre-trial investigation, and subpoena relevant witness for defense.

3. Petitioner contends that his due process rights under the U.S. Constitution 14th Amendment were violated when the accused was not protected against conviction except upon proof beyond reasonable doubt of every fact necessary to constitute the charged crime.

4. Petitioner contends counsel was ineffective when counsel failed to challenge witness mind state regarding testimony.

(Doc. 17, at PageID 895). Respondent opposes the motion to amend on the grounds that the amendment would be futile. (*See* Doc. 19).

## III.  PETITIONER'S MOTION FOR LEAVE TO AMEND HIS PETITION (DOC. 17) SHOULD BE DENIED.

Fed. R. Civ. P. 15 "allows pleading amendments with 'leave of court' at any time during a proceeding." *See Mayle*, 545 U.S. at 655. The factors that a court should consider in determining whether to grant leave to amend include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell,* 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)); *see also Oleson v. United States,* 27 F. App'x 566, 569 (6th Cir. 2001). In this instance, petitioner's motion to amend should be denied as futile because the proposed amendments are either procedurally defaulted or without merit.

### A.  Ground One of the Proposed Amended Petition Is Procedurally Defaulted.

In Ground One of the proposed amended petition, petitioner asserts that the prosecutor engaged in misconduct by arguing facts not in evidence and contrary to witness testimony. (Doc. 17, at PageID 895). Petitioner does not specify the prosecutor's allegedly improper

arguments in the proposed amended petition.  However, petitioner does include a prosecutorial

misconduct claim in his traverse, challenging various comments that the prosecutor made during

opening statement and closing argument.  (*See* Doc. 15, at PageID 841-44).  Liberally construing

petitioner's pleadings,[4] the undersigned understands Ground One of the proposed amended

petition to raise the prosecutorial misconduct claims set forth in petitioner's traverse.

As an initial matter, petitioner did not present his prosecutorial misconduct claim

challenging the prosecutor's allegedly improper comments during opening statement to the state

courts.  Rather, the prosecutorial misconduct claim raised in petitioner's direct appeal from his

2015 conviction was limited to allegedly improper comments by the prosecutor during closing

argument.  (*See* Doc. 7, Ex. 7, at PageID 62-63; Doc. 7, Ex. 9, at PageID 99-105).

In recognition of the equal obligation of the state courts to protect the constitutional rights

of criminal defendants, and in order to prevent needless friction between the state and federal

courts, a state defendant with federal constitutional claims must fairly present those claims to the

state courts for consideration before raising them in a federal habeas corpus action.  *See* 28

U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard

v. Connor,* 404 U.S. 270, 275–76 (1971).  In order to satisfy the fair presentation requirement,

the claims asserted in the federal habeas petition must be based on the same facts and same legal

theories that were presented to the state courts.  *Carter v. Mitchell,* 693 F.3d 555, 568 (6th

Cir.2012) (citing *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir.2006); *Wong v. Money,* 142

F.3d 313, 322 (6th Cir.1998)).  Moreover, a claim is deemed fairly presented only if the

petitioner presented his constitutional claims for relief to the state's highest court for

---

[4]*See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)) (holding that pro se pleadings are to be "held to 'less stringent standards than formal pleadings drafted by lawyers'").

consideration.  *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir.1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir.1985).

!       If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review.  *See O'Sullivan,* 526 U.S. at 847–48; *Harris v. Reed,* 489 U.S. 255, 260–62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir.1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir.1989).

        In this case, petitioner has failed to present his challenges to the prosecutor's allegedly improper comments during opening statement to the state courts.[5]  Ohio's doctrine of *res judicata* now bars petitioner's ability to raise such claims in the state courts.  *See State v. Perry,* 226 N.E.2d 104, 108 (Ohio 1967) (holding that claims must be raised on direct appeal, if possible, or they will be barred by the doctrine of *res judicata.*); *see also State v. Cole,* 443 N.E.2d 169, 171 (Ohio 1982); *State v. Ishmail,* 423 N.E.2d 1068, 1070 (Ohio 1981).  *See, e.g., Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir. 1998) (finding that the doctrine of *res judicata* applies to constitutional claims that could have been raised on direct appeal) (citing *State v. Combs,* 652 N.E.2d 205, 209 (Ohio App. 1994)).  These claims are therefore procedurally defaulted.  *See Broom v. Mitchell,* 441 F.3d 392, 401 (6th Cir. 2006).

        Next, petitioner's claims challenging the prosecutor's allegedly improper comments during closing argument are also procedurally defaulted.  Petitioner appears to reiterate

---

[5]Respondent does not expressly address petitioner's challenges to the prosecutor's opening statement.  (*See* Doc. 19).  However, this Court may in its discretion raise the issue of procedural default *sua sponte* as long as the petitioner is afforded an opportunity to present arguments on the issue.  *Davis v. Warden,* No. 1:13cvl98, 2014 WL 116666 (S.D. Ohio Jan. 10, 2014) (Litkovitz, M.J.) (Report & Recommendation) (and numerous cases cited therein), *adopted,* 2014 WL 1302615 (S.D. Ohio. Mar. 31, 2014) (Barrett, J.).  Here, petitioner has the opportunity to be heard on the matter by way of objection to the instant Order and Report and Recommendation.

arguments he made on direct appeal from his 2015 conviction.  (*See* Doc. 15, at PageID 844).[6]

However, the Court of Appeals clearly limited its review of petitioner's prosecutorial misconduct

claims on direct appeal to plain error because counsel did not object to the statements at trial.

(Doc. 7, Ex. 9, at PageID 99-105).  In Ohio, a petitioner waives an alleged error when he fails to

make a contemporaneous objection.  *See Osborne v. Ohio*, 495 U.S. 103, 124 (1990)

(recognizing Ohio's long-standing contemporaneous objection rule).  Ohio's contemporaneous

objection rule is a firmly established, adequate and independent state procedural rule, which

serves to foreclose federal habeas review when relied on by the state courts as a basis for

denying relief.  *See, e.g., Goodwin v. Johnson,* 632 F.3d 301, 315 (6th Cir. 2011) (citing *Hinkle*

*v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001)); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir.

2005); *see also State v. Murphy*, 747 N.E.2d 765, 788 (Ohio 2001) (noting that Ohio's "waiver

rule," which "requires that a party make a contemporaneous objection to alleged trial error in

order to preserve that error for appellate review," is "of long standing" and "goes to the heart of

the adversary system of justice").  The Sixth Circuit has repeatedly held that "plain error" review

by the state appellate court "constitutes enforcement of Ohio's contemporaneous objection rule."

*See Williams v. Bagley,* 380 F.3d 932, 968-69 (6th Cir. 2004) (and Sixth Circuit cases cited

therein); *see also Goodwin*, 632 F.3d at 315.

Having procedurally defaulted all aspects of Ground One of his proposed amended

petition, federal habeas corpus review is precluded unless the petitioner can demonstrate cause

for and prejudice from his procedural default or that failure to consider the defaulted claim will

result in a "fundamental miscarriage of justice."  *See Coleman v. Thompson,* 501 U.S. 722, 750

---

[6]To the extent the claims in this part of Ground One of the proposed amended petition are different than those raised in petitioner's direct appeal, such claims have not been fairly presented to the state courts and are procedurally defaulted.  *See State v. Perry*, 226 N.E.2d at 108.  *See also Norris*, 146 F.3d at 332.

(1991); *Harris,* 489 U.S. at 262; *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).  "When a petitioner fails to establish cause to excuse a procedural default, a court does not need to address the issue of prejudice."  *Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000).

In an apparent effort to show cause for the procedural default of these claims, petitioner asserts that trial counsel was ineffective for failing to object to the prosecutor's alleged misconduct.  (*See* Doc. 15, at PageID 835).  However, "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim," which can be procedurally defaulted.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).  Although petitioner raised the issue of trial counsel's alleged ineffectiveness before the Ohio appellate court, he did so on grounds that counsel allegedly made improper admissions during closing argument and not based on counsel's failure to object.  (*See* Doc. 7, Ex. 7, at PageID 63-64).

Nor is petitioner able to prevail on any argument that his appellate counsel's failure to raise such a claim on appeal constitutes cause because the claim of ineffectiveness of appellate counsel was itself defaulted by petitioner, who never raised such a claim in the state courts.  (*See* Doc. 1, at PageID 3-5; *see also* Doc. 7, Ex. 30).  "Under Ohio law, a criminal defendant must raise his ineffective assistance of appellate counsel claim in an application for reopening (i.e., a motion for delayed reconsideration) filed 'in the court of appeals where the alleged error took place.'"  *Fautenberry v. Mitchell*, 515 F.3d 614, 639 (6th Cir. 2008) (quoting *State v. Murnahan*, 584 N.E.2d 1204, 1209 (1992), *superseded in part by* Ohio R. App. 26(B) *as recognized in State v. Davis*, 94 N.E.2d 1221(2008)); *see also Williams v. Lazaroff*, 648 F. App'x 548, 553 (6th Cir. 2016).  Ohio Rule of Appellate Procedure 26(B) permits a criminal defendant to file an

application for reopening an appeal within ninety days of the appellate judgment "unless the applicant shows good cause for filing at a later time." Ohio R. App. P. 26(B)(1). Unexhausted ineffective-assistance-of-appellate-counsel claims may be deemed procedurally defaulted when, as here, a criminal defendant fails to provide cause for failing to file a Rule 26(B) motion for reopening within the prescribed ninety-day period. *See Goldberg v. Maloney*, 692 F.3d 534, 538 n.3 (6th Cir. 2012).

Nor has petitioner demonstrated that failure to consider the defaulted prosecutorial misconduct claims will result in a "fundamental miscarriage of justice," or in other words, that the alleged error "probably resulted in the conviction of one who is actually innocent." *See Murray*, 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995). Actual innocence in this context requires a showing of factual innocence, not mere legal insufficiency. *See House v. Bell,* 547 U.S. 518, 538 (2006); *Carter v. Mitchell,* 443 F.3d 517, 538 (6th Cir. 2006) (*citing Bousley v. United States,* 523 U.S. 614, 623 (1998)); *see also Vanwinkle v. United States,* 645 F.3d 365, 369 (6th Cir. 2011). Furthermore, the Supreme Court has stated that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of ... new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup,* 513 U.S. 298, 329 (1995)); *see also House*, 547 U.S. at 538 (pointing out that the *Schlup* actual-innocence standard is "demanding and permits review only in the extraordinary case") (internal citation and quotation marks omitted). To establish a credible gateway claim of actual innocence, the petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324;

*see also Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008).  No such showing has been made in this case.

**B.      Ground Two of the Proposed Amended Petition Is Procedurally Defaulted.**

In Ground Two of the proposed amended petition, petitioner seeks to add a claim that counsel failed to properly investigate his case and subpoena relevant witnesses for trial.  (Doc. 17, at PageID 895; *see also* Doc. 15, at PageID 830).  As noted above, petitioner presented a different ineffective-assistance-of-trial-counsel claim to the Ohio state courts.  (*See* Doc. 7, Ex. 7, at PageID 63-64).  Ground Two of the proposed amended petition therefore has not been fairly presented to the state courts and is procedurally defaulted because there is no further avenue in the state courts by which petitioner could exhaust the claim.  *See State v. Perry*, 226 N.E.2d at 108; *see also Norris*, 146 F.3d at 332.  Additionally, for the reasons discussed in regard to Ground One of the proposed amended petition, petitioner has not established cause and prejudice or a fundamental miscarriage of justice to overcome this default.

**C.      Ground Three of the Proposed Amended Petition Lacks Merit.**

Ground Three of the proposed amended petition reiterates the insufficiency-of-the-evidence claim set forth in Ground Two of petitioner's petition and is without merit for the reasons discussed herein.

**D.      Ground Four of the Proposed Amended Petition Is Procedurally Defaulted.**

In Ground Four of the proposed amended petition, petitioner challenges trial counsel's cross-examination of an unspecified witness.  Like Ground Two of the proposed amended petition, Ground Four seeks to raise an ineffective-assistance-of-trial-counsel claim that has not been presented to the state courts.  Ground Four of the proposed amended petition therefore has not been fairly presented to the state courts and is procedurally defaulted because there is no

further avenue in the state courts by which petitioner could exhaust the claim. *See State v. Perry*, 226 N.E.2d at 108. *See also Norris*, 146 F.3d at 332. Additionally, for the reasons discussed above with respect to Grounds One and Two of the proposed amended petition, petitioner has not established cause and prejudice or a fundamental miscarriage of justice to overcome this default.

Moreover, the ineffective-assistance-of-counsel claim raised in Ground Four is utterly conclusory and, as such, does not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998).

Accordingly, because the grounds for relief contained in the proposed amended petition are either procedurally defaulted or without merit, amendment of the petition would be futile. It is therefore **RECOMMENDED** that the motion to amend (Doc. 17) be **DENIED**.

## IV. THE PETITION SHOULD BE DENIED.

In light of the Court's recommendation to deny petitioner's motion for leave to amend the petition (Doc. 17), the Court now considers the petition as originally filed (Doc. 1).

In this federal habeas case, the applicable standard of review governing the adjudication of constitutional issues raised by petitioner to the state courts is set forth in 28 U.S.C. § 2254(d). Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state

court decides a case differently than [the Supreme] Court has on a set of materially

indistinguishable facts." *Otte v. Houk,* 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v.*

*Taylor,* 529 U.S. 362, 412–13 (2000)).  "A state court's adjudication only results in an

'unreasonable application' of clearly established federal law when 'the state court identifies the

correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies

that principle to the facts of the prisoner's case.'" *Id.* at 599–600 (quoting *Williams,* 529 U.S. at

413).

   The statutory standard, established when the Antiterrorism and Effective Death Penalty

Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet.  *Id.* at 600.

As the Sixth Circuit explained in *Otte*:

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's
> standards.  *See, e.g., Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1398, 179
> L.Ed.2d 557 (2011) (holding that AEDPA limits a federal habeas court to the record
> before the state court where a claim has been adjudicated on the merits by the state
> court).  It is not enough for us to determine that the state court's determination is
> *incorrect*; to grant the writ under this clause, we must hold that the state court's
> determination is *unreasonable*. . . .  This is a "substantially higher threshold.". . .
> To warrant AEDPA deference, a state court's "decision on the merits" does not
> have to give any explanation for its results, *Harrington v. Richter,* __ U.S. __, 131
> S.Ct. 770, 784, 178 L.Ed.2d 624 (2011), nor does it need to cite the relevant
> Supreme Court cases, as long as "neither the reasoning nor the result of the state-
> court decision contradicts them."  *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362,
> 154 L.Ed.2d 263 (2002) (per curiam).

*Id.* (emphasis in original).  The Supreme Court extended its ruling in *Harrington* to hold that

when a state court rules against a defendant in an opinion that "addresses some issues but does

not expressly address the federal claim in question," the federal habeas court must presume,

subject to rebuttal, that the federal claim was "adjudicated on the merits" and thus subject to the

"restrictive standard of review" set out in § 2254(d).  *See Johnson v. Williams*, 568 U.S. 289, 292

(2013).

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).  In other words, to obtain federal habeas relief under that provision, the state prisoner must show that the state court ruling on the claim presented "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

The Supreme Court has made it clear that in assessing the merits of a constitutional claim under § 2254(d), the federal habeas court must apply the Supreme Court precedents that controlled at the time of the last state-court adjudication on the merits, as opposed to when the conviction became "final." *Greene v. Fisher*, 565 U.S. 34, 38–40 (2011); *cf. Otte,* 654 F.3d at 600 (citing *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003)) (in evaluating the merits of a claim addressed by the state courts, the federal habeas court must "look to Supreme Court cases already decided at the time the state court made its decision").  In *Greene*, 565 U.S. at 38, the Court explained:

> [W]e held last term in *Cullen v. Pinholster*, 563 U.S. \_, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits.  We said that the provision's "backward-looking language requires an examination of the state-court decision at the time it was made." *Id.*, at \_, 131 S.Ct. at 1398.  The reasoning of *Cullen* determines the result here.  As we explained, § 2254(d)(1) requires federal courts to "focu[s] on what a state court knew and did," and to measure state-court decisions *as of 'the time the state court renders its decision*.'" *Id.*, at \_, 131 S.Ct. at 1399 (quoting *Lockyer v. Andrade,* 538 U.S. [at] 71-72 . . .; emphasis added).

Decisions by lower courts are relevant "to the extent [they] already reviewed and interpreted the relevant Supreme Court case law to determine whether a legal principle or right

had been clearly established by the Supreme Court." *Otte*, 654 F.3d at 600 (quoting *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)).  The writ may issue only if the application of clearly established federal law is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams,* 529 U.S. at 412).

> **A.**      **Ground One of the Petition Should Be Denied.**

In Ground One of the petition, petitioner asserts that "the courts did not resolve or address the double jeopardy concerns nor complied to House Bill 86 which does not provide for consecutive sentences unless judicial reasoning requires it."  (Doc. 1, at PageID 5).

To the extent that petitioner asserts a double-jeopardy challenge to his sentence, the Court understands his argument to reiterate the double-jeopardy challenge that he raised in his motion for relief from judgment.[7]  The Ohio Court of Appeals found the argument to be barred by *res judicata*.

The Ohio Court of Appeals explained:

> {¶8}  ***Res judicata bars challenge to 2016 conviction.***  [Petitioner] also sought in his motion relief from his 2016 conviction upon his guilty plea to robbery as a lesser-included offense of the aggravated robbery charged in count three.  He asserted that ordering a retrial on the deadlocked counts without discharging the jury as required by R.C. 2945.36(B) had denied him the protections of the Due Process and Double Jeopardy Clauses.

> {¶9}  His postconviction challenge to his 2016 conviction was timely asserted. R.C. 2953.21(A)(2) requires a postconviction petitioner who, like [petitioner], has taken no direct appeal, to file his postconviction claim "no later than three hundred sixty-five days after the expiration of the time for filing the appeal."  The time for appealing his May 2016 conviction expired in June 2016, and he filed his

---

[7]Petitioner raised his double-jeopardy challenge to his sentence in his motion for relief from judgment.  (Doc. 7, Ex. 17, at PageID 159-60).  Although petitioner raised a challenge to his sentence on direct appeal following his 2015 conviction, that claim, which the Ohio Court of Appeals overruled, did not raise a double jeopardy claim but asserted that petitioner's sentence was improper under Ohio Rev. Code §§ 2901.07(B), 2929.11, and 2029.12.  (Doc. 7, Ex. 7, at PageID 68-69).

postconviction motion in May 2017, thus satisfying the time restrictions of R.C. 2953.21(A)(2).

{¶10}  But the challenge was barred under the doctrine of res judicata.  To prevail on a postconviction claim, the petitioner must demonstrate a denial or infringement of his rights in the proceedings resulting in his conviction that rendered the conviction void or voidable under the state or federal constitution.  R.C. 2953.21(A)(1).  The petitioner bears the initial burden of demonstrating "substantive grounds for relief" through the petition, with its supporting affidavits and other documentary evidence, and the trial record.  R.C. 2953.21(C).

{¶11} A postconviction claim is subject to dismissal without a hearing if the petitioner has failed to support the claim with evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief.  *Id.*; *State v. Pankey*, 68 Ohio St.2d 58, 59, 428 N.E.2d 413 (1981); *State v. Jackson,* 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus.  Conversely, "the court must proceed to a prompt hearing on the issues" if "the petition and the files and records of the case show the petitioner is * * * entitled to relief."  R.C. 2953.21(E).

{¶12}  Under the doctrine of res judicata, a judgment of conviction bars a defendant from raising in any proceeding, other than a direct appeal from that judgment, any claim "that was raised or could have been raised" in the direct appeal.  *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.  Thus, res judicata bars a postconviction claim that could fairly have been determined in the direct appeal, based upon the trial record and without resort to evidence outside the record. *Id.*; *State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d 169 (1982).

{¶13}  [Petitioner's] challenge in his motion to his 2016 conviction was not supported by, nor did it depend for its resolution upon evidence outside the record of the proceedings leading to that conviction.  Because that challenge could fairly have been determined on direct appeal, it was subject to dismissal without an evidentiary hearing, under the doctrine of res judicata.  *See Perry* at paragraph nine of the syllabus.

(Doc. 7, Ex. 23, at PageID 226-27).

Ohio's *res judicata* rule is an adequate and independent state ground that bars federal habeas relief.  *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001).  Petitioner's conclusory statement in Ground One that "the courts did not resolve or address the double jeopardy concerns" is insufficient to suggest any error in the state appellate court's *res judicata* analysis.  Nor has petitioner shown cause,

prejudice, or a fundamental miscarriage of justice to be entitled to overcome the procedural default of this claim. *See Murray*, 477 U.S. at 488-89.

Moreover, even assuming, *arguendo*, that the Court would overlook petitioner's procedural default of Ground One's double jeopardy claim,[8] petitioner has not established a substantial constitutional claim. *See United States v. Capozzi*, 723 F.3d 720, 727 (6th Cir. 2013) ("A deadlocked jury 'has long been considered the 'classic basis' establishing [manifest] necessity' justifying a mistrial.") (quoting *Blueford v. Arkansas,* 566 U.S. 599, 609 (2012) (in turn quoting *Arizona v. Washington,* 434 U.S. 497, 509 1978)); *see also United States v. Brown*, 677 F.2d 26, 27 (6th Cir. 1982) ("It cannot be doubted that a genuinely deadlocked jury is a classic example of 'manifest necessity' which allows the reprosecution of a criminal defendant without violating the Double Jeopardy Clause of the Fifth Amendment.").

Next, to the extent that petitioner has alleged that the trial court erred in interpreting and applying Ohio's sentencing statute governing consecutive sentences in imposing the consecutive sentences in this case, his claim raises an issue of state-law only which is not cognizable in this federal habeas proceeding. *Cf. Driggins v. Lazaroff*, No. 1:14cv919, 2015 WL 6957219, at * 1, *31 (N.D. Ohio Oct. 27, 2015) (citing *Wilson v. Corcoran*, 562 U.S. 1, 8 (2010); *Oregon v. Ice*, 555 U.S. 160, 163 (2009)); *Hoffman v. Tribley*, No. 13-10868, 2013 WL 1137353, at *2 (E.D. Mich. Mar. 19, 2013) (and cases cited therein) ("Regarding consecutive sentencing, the application of state sentencing laws governing consecutive sentencing does not present a federal constitutional question but merely an issue of state law which is not cognizable on habeas

---

[8] "'[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits,' especially where the procedural default issue is 'complicated' and 'is unnecessary to [the] disposition of the case.'" *Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008) (quoting *Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (alteration in original)).

review.").  *See also Floyd v. Alexander*, 148 F.3d 615, 619 (6th Cir. 1998) (holding that although the trial court may have violated a state criminal rule in changing the petitioner's sentence from concurrent to consecutive sentences in his absence, "this error does not . . . constitute a violation of procedural due process of law," but rather is an alleged violation of state law "that is not cognizable in a federal habeas corpus proceeding"); *Sneed v. Donahue*, 993 F.2d 1239, 1244 (6th Cir. 1993) (holding that a claim challenging the state prisoner's aggregate prison sentence "involves a matter of state law," which "is not cognizable in a federal habeas corpus proceeding").  In this federal habeas case, the Court has jurisdiction to review petitioner's claim only to the extent that petitioner challenges his confinement based on an alleged violation of the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law."  28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Wilson*, 562 U.S. at 5 (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions").  Because habeas review is limited to claims implicating federal concerns, this Court lacks jurisdiction to consider petitioner's claim to the extent petitioner contends that, as a matter of state law, the imposition of consecutive sentences was improper.

Accordingly, the Court should deny Ground One of the petition.

**B.      Ground Two of the Petition Should Be Denied.**

Although titled as a cruel and unusual punishment claim, the Court understands Ground Two of the petition to mirror the sufficiency-of-the-evidence claim asserted by petitioner in his direct appeal from his 2015 robbery conviction.  (*See* Doc. 1, at PageID 7 (checking box indicating that petitioner raised this issue in his direct appeal)).[9]

---

[9]Petitioner did not appeal from his 2016 conviction for robbery with a firearm specification or raise a sufficiency-of-the-evidence claim in his post-conviction motions.

The Ohio Court of Appeals was the only state court to issue a reasoned decision addressing petitioner's constitutional sufficiency-of-the-evidence claim on direct appeal. The court considered the claim in conjunction with a state-law claim challenging the weight of the evidence. The court rejected both assignments of error, reasoning as follows:

> {¶ 31}  In his third assignment of error, [petitioner] contends that his robbery conviction was not supported by sufficient evidence and was against the manifest weight of the evidence.

> {¶ 32}  When reviewing the sufficiency of the evidence, this court is not permitted to weigh the evidence. Rather, we must view all evidence and reasonable inferences in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the elements of the offense proven beyond a reasonable doubt. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). In contrast, when reviewing the manifest weight of the evidence, we must review the entire record, weigh the evidence, and consider the credibility of the witnesses to determine whether the trier of fact lost its way and committed such a manifest miscarriage of justice that the conviction must be reversed. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

> {¶ 33}  [Petitioner] was found guilty of robbery under R.C. 2911.02(A)(2). This statute provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another." When viewed in the light most favorable to the prosecution, the evidence presented at trial established that [petitioner] robbed Ford of drugs and money at gunpoint, shot at him, and fled in Ford's car. The jury, which was in the best position to view and judge the credibility of the witnesses, was entitled to believe Ford's testimony identifying [petitioner] and to reject the statement that [petitioner] had given to Officer Perry denying participation in the crimes. *See State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

> {¶ 34}  We find that [petitioner's] conviction for robbery was supported by both the sufficiency and the weight of the evidence. A rational trier of fact could have found the elements of robbery were proven beyond a reasonable doubt. Further, a review of the entire record establishes that the jury did not lose its way in finding [petitioner] guilty. The third assignment of error is overruled.

(Doc. 7, Ex. 9, at PageID 107-08).

The well-settled standard of review for evaluating the merits of constitutional claims challenging the sufficiency of the evidence was established by the Supreme Court in *Jackson v.*

*Virginia*, 443 U.S. 307, 319 (1979).  As the Supreme Court held in *Jackson*, because the Due

Process Clause requires the State to prove beyond a reasonable doubt every fact necessary to

constitute the charged offense, *In Re Winship,* 397 U.S. 358, 363-64 (1970), "the relevant

question" in assessing the sufficiency of the evidence "is whether, after viewing the evidence in

the light most favorable to the prosecution, *any* rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt."  *Jackson,* 443 U.S. at 319 (emphasis

in original).

Under the *Jackson* standard, the State is not required to rule out every hypothesis except

that of guilt beyond a reasonable doubt.  *Id.* at 326.  Rather, "a federal habeas corpus court faced

with a record of historical facts that supports conflicting inferences must presume–even if it does

not affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of

the prosecution, and must defer to that resolution."  *Id.*; *see also Walker v. Engle,* 703 F.2d 959,

969-70 (6th Cir. 1983).  It is the responsibility of the trier of fact to resolve conflicts in

testimony, to weigh the evidence and to draw reasonable inferences from the evidence.  *Jackson,*

443 U.S. at 319.  Consequently, the reviewing court is not permitted to reweigh the evidence,

reevaluate the credibility of witnesses, make its own subjective determination of guilt or

innocence, or otherwise substitute its opinion for that of the jury.  *See id.* at 318-19 & n.13; *see*

*also United States v. Fisher,* 648 F.3d 442, 450 (6th Cir. 2011) (citing *Brown v. Konteh,* 567 F.

reasonable *speculation* that the petitioner is guilty of the charged crime.  *Newman,* 543 F.3d at

796-97 (and Sixth Circuit cases cited therein).

"Circumstantial evidence alone is sufficient to support a conviction."  *Newman v.*

*Metrish,* 543 F.3d 793, 796 (6th Cir. 2008) (quoting *Johnson v. Coyle,* 200 F.3d 987, 992 (6th

Cir. 2000)); *see also Fisher*, 648 F.3d at 450.  Due process is satisfied as long as such evidence is

enough for a rational trier of fact to make a permissible *inference* of guilt, as opposed to a reasonable *speculation* that the petitioner is guilty of the charged crime.  *Newman,* 543 F.3d at 796-97 (and Sixth Circuit cases cited therein).

Moreover, federal habeas review of a claim challenging the sufficiency of the evidence is even further limited.  As the Sixth Circuit explained in *Brown*, 567 F.3d at 205, the federal habeas court is "bound by two layers of deference to groups who might view facts differently than [the habeas court] would."  The federal habeas court must defer not only to the trier of fact's findings as required by *Jackson*, but under 28 U.S.C. § 2254(d), must also "defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable." *Id.* (emphasis in original); *see also Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011); *Anderson v. Trombley*, 451 F. App'x 469, 474-75 (6th Cir. 2011).  Therefore, as the Sixth Circuit went on to emphasize in *Brown*:

> [W]e cannot rely simply upon our own personal conceptions of what evidentiary showings would be sufficient to convince us of the petitioner's guilt.  We cannot even inquire whether *any* rational trier of fact would conclude that petitioner . . . is guilty of the offenses for which he was charged.  Instead, we must determine whether the Ohio Court of Appeals itself was unreasonable in *its* conclusion that a rational trier of fact could find [the petitioner] guilty beyond a reasonable doubt based on the evidence introduced at trial.

*Brown,* 567 F.3d at 205 (emphasis in original).

Applying the double-layer deferential standard to the case-at-hand, the undersigned is convinced that the Ohio Court of Appeals' sufficiency determination is neither contrary to nor an unreasonable application of *Jackson*.[10]  Ford, one of the victims, identified petitioner as a

---

[10]Although the Ohio Court of Appeals did not cite Supreme Court precedents in addressing petitioner's sufficiency-of-evidence claims, the court utilized the proper standard of review established by the Supreme Court in *Jackson* in assessing whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that petitioner was guilty of the charges.  (*See* Doc. 7, Ex. 9, at PageID 107).

perpetrator of the crimes.  (*See* Doc. 7-2 (Tr.), at PageID 443-54).  Ford testified that petitioner

pointed a gun at him and demanded money.  (Doc. 7-2 (Tr.), at PageID 445-46).  Ford further

testified that petitioner shot at him.  (Doc. 7-2 (Tr.), at PageID 449).  To the extent that petitioner

argues that Ford later expressed uncertainty as to whether it was petitioner who shot at him (*see*

Doc. 15, at PageID 828), it is "the responsibility of the trier of fact to fairly resolve conflicts in

the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to

ultimate facts."  *Jackson*, 443 U.S. at 319.  *See also United States v. Paige*, 470 F.3d 603, 608

(6th Cir. 2006) ("Attacks on witness credibility are simply challenges to the quality of the

government's evidence and not the sufficiency of the evidence.") (quoting *United States v.

Sanchez*, 928 F.2d 1450, 1457 (6th Cir. 1991)).  *See also Gibbs v. Kemna*, 192 F.3d 1173, 1176

(8th Cir. 1999) (finding that petitioner's challenge to the reliability of the eyewitnesses'

identifications went to credibility, not sufficiency of the evidence, and "credibility is for the jury

to decide").  Furthermore, "[t]estimony that a defendant communicated that he had a weapon in

connection with a demand for money 'permits a reasonable inference of a threat of physical

harm, which is sufficient for R.C. 2911.02(A)(2).'"  *State v. Tillison,* No. 18AP0047, 2019 WL

1647858, at *2 (Ohio Ct. App. Apr. 15, 2019) (quoting *State v. Ellis*, No. 05AP-800, 2006 WL

2349446, at *3 (Ohio Ct. App. Aug. 15, 2006)).

  The decision of the Ohio Court of Appeals finding there was sufficient evidence to

support petitioner's 2015 conviction for robbery was not an unreasonable application of the

*Jackson* standard.  *See, e.g., Hunter v. Burt*, No. 19-1460, 2019 WL 5571472, at *1 (6th Cir.

Sept. 5, 2019) (finding that jurists of reason would not debate district court's determination that

state appellate court reasonably determined that there was sufficient identification evidence

where the prosecution presented testimony from witnesses who identified the petitioner as a

perpetrator).

Accordingly, in sum, the undersigned finds that petitioner is not entitled to habeas relief. Having found that petitioner's grounds for relief are either procedurally defaulted or fail on the merits, the petition (Doc. 1) should be **DENIED**.

## IT IS THEREFORE ORDERED THAT:

As petitioner has already paid the $5 filing fee in this case, his motion to proceed *in forma pauperis* (Doc. 18) is **DENIED as moot**.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's construed motion for leave to amend (Doc. 17) be **DENIED**.

2.  Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED.**

3.  A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are procedurally barred from review because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[11]

4.  A certificate of appealability should not issue with respect to the claims alleged in the petition, which have been addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)). *See also* 28 U.S.C. § 2253(c); Fed.

---

[11]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

R. App. P. 22(b).

    5.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


                                          *s/Stephanie K. Bowman*
                                          Stephanie K. Bowman
                                          United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BRANDON CARTER,                                    Case No. 1:19-cv-823
      Petitioner,


                                    Barrett, J.
      vs.                                         Bowman, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL COMPLEX,
      Respondent.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).