**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Brandon Carter,

    Petitioner,

    v.                                     Case No. 1:19cv823

Warden, Chillicothe                      Judge Michael R. Barrett
Correctional Institution,

    Respondent.

## ORDER

This matter is before the Court upon the Magistrate Judge's March 8, 2021 Report & Recommendation (Doc. 20) recommending that Petitioner's Motion for Leave to Amend (Doc. 17) be denied; and Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be denied. On March 29, 2021, Petitioner filed written objections to the Report. (Doc. 23).

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

This is a *pro se* habeas corpus petition filed pursuant to 28 U.S.C. §2254. Petitioner is an inmate at Chillicothe Correctional Facility. The Magistrate Judge provided a thorough recitation of the factual and procedural background of this case and

the same will not be repeated here except to the extent necessary to address Petitioner's objections.

On September 27, 2019, Petitioner filed his federal habeas corpus petition. Ground One of his petition asserts Due Process and Equal Protection grounds for relief:

> Despite the truth-in-sentencing guidelines mandated by the legislature for first-time offenders, the courts did not resolve or address the double jeopardy concerns nor complied to House Bill 86 which does not provide for consecutive sentences unless judicial reasoning requires it. Moreover, the absence of evidence and alleged victims did not provide any weight to the state.

(Doc. 1 at 6). In Ground Two, Petitioner raises a sufficiency-of-the-evidence claim. (Doc. 1 at 7). On November 16, 2020, Petitioner filed an amended petition which the Magistrate Judge construed as a motion to amend his petition. (Doc. 17).

The Magistrate Judge found that Petitioner's motion to amend should be denied as futile because the proposed amendments include claims which are either procedurally defaulted or without merit. (Doc. 20 at 8, 14). The Magistrate Judge further found that the petition as originally filed should be denied. (Doc. 20 at 15-26). The Magistrate Judge explained that the claim in Ground One was procedurally defaulted, and even if the Court would overlook the procedural default, Petitioner has not established a substantial constitutional claim. (Doc. 20, at 20). As to Ground Two, the Magistrate Judge explained that Petitioner's claim failed on the merits.

Petitioner maintains that the Magistrate Judge erred in concluding that he has failed to establish a substantial constitutional claim in Ground One.

First, the Court finds no error in the Magistrate Judge's conclusion that Ground One is procedurally defaulted. A claim is procedurally defaulted if that claim "rests on a state law ground that is independent of the federal question and adequate to support the

judgment." *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A claim is procedurally defaulted if three factors are met. First, there must be "a state procedural rule that is applicable to the petitioner's claim and . . . petitioner failed to comply with the rule." *Stojetz v. Ishee*, 892 F.3d 175, 191 (6th Cir. 2018) (quoting *Stone v. Moore*, 644 F.3d 342, 346 (6th Cir. 2011)). Second, the state court must have "actually enforced the state procedural sanction." *Id*. Finally, the state procedural ground must be "an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim." *Id*.

Here, the Magistrate Judge found that Ohio's *res judicata* rule was an adequate and independent state ground to bar federal habeas relief. (Doc. 20 at 19). First, the Magistrate Judge explained that in its ruling on Petitioner's motion for relief from judgment, the Ohio Court of Appeals ruled that his double jeopardy challenge was barred by the doctrine of *res judicata* because petitioner's challenge to his conviction "was not supported, nor did it depend for its resolution upon evidence outside the record of the proceedings leading to that conviction." (Id.) Second, the Ohio Court of Appeals dismissed Petitioner's appeal without a hearing under the doctrine of *res judicata*. Finally, the Magistrate Judge found that "[p]etioner's conclusory statement . . . that 'the courts did not resolve or address the double jeopardy concerns' [was] insufficient to suggest any error in the state appellate court's *res judicata* analysis." (Id.) Therefore, Ohio's *res judicata* rule was an adequate and independent state ground to foreclose federal review of Petitioner's constitutional claims.

Even if the Court would overlook the procedural default of the double jeopardy claim, as the Magistrate Judge explained, Petitioner still has not established a substantial

constitutional claim. Petitioner claims that because the jury only reached a verdict on one count and could not reach a verdict on the remaining seven charges, the Double Jeopardy Clause prohibits a retrial on the deadlocked counts.

To begin, the Court notes that on habeas review, the question before this Court is:

> not whether the trial judge should have declared a mistrial. It is not even whether it was an abuse of discretion for her to have done so—the applicable standard on direct review. The question under AEDPA is instead whether the determination of [the state appellate court's finding] that there was no abuse of discretion was 'an unreasonable application of ... clearly established Federal law.'

*Renico v. Lett*, 559 U.S. 766, 772-73, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010) (quoting 28 U.S.C. § 2254(d)(1)). According to clearly established federal law, a retrial after a mistrial does not amount to double jeopardy when the mistrial was manifestly necessary. *Arizona v. Washington*, 434 U.S. 497, 505, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). As the Sixth Circuit has explained: "A deadlocked jury is a classic example of manifest necessity." *Jones v. Hogg*, 732 F.2d 53, 54 (6th Cir. 1984). Therefore, the Ohio Court of Appeals' rejection of Petitioner's Double Jeopardy claim was not an unreasonable application of clearly established federal law.

Based on the foregoing, it is hereby **ORDERED** that:

1. Petitioner's construed motion for leave to amend (Doc. 17) is **DENIED**;

2. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**;

3. A certificate of appealability shall not issue with respect to the claims alleged in the petition, which this Court has concluded are procedurally barred from review because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling;[1]

---

[1] Because this Court finds that the first prong of the *Slack* standard has not been met in this

4. A certificate of appealability shall not issue with respect to the claims alleged in the petition, which have been addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); and

5. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order adopting the Report and Recommendation would not be taken in "good faith," and, therefore, petitioner is **DENIED** leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                    */s/ Michael R. Barrett*
                                Michael R. Barrett, Judge
                                United States District Court

---

case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.